**Roshan Singh PARHAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73112.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN and BERZON, Circuit Judges.

## MEMORANDUM **

Roshan Singh Parhar, a native and citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief pursuant to the Convention Against Torture ("CAT"). Because the BIA adopted the IJ's decision and also gave reasons of its own, we review both the BIA's decision and the IJ's decision. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We dismiss in part and grant in part the petition for review and remand for further proceedings.

■ We lack jurisdiction to review the IJ's determination that Parhar failed to show he filed for asylum within one year of entering the United States. *See* 8 U.S.C. §§ 1158(a)(2)(B), (a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

■ We have jurisdiction under 8 U.S.C. § 1252 to review the adverse credibility finding underlying the IJ's denial of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

withholding of removal and CAT relief. We review for substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). The IJ relied, in part, on the fact that Parhar's father failed to mention in his affidavit that he was arrested by the authorities after they were unable to locate Parhar. The sworn affidavit was entirely consistent with Parhar's testimony, however, and corroborated dates and events central to Parhar's claim of persecution. That Parhar's father did not discuss his own arrest is not pertinent to Parhar's credibility.

■ Moreover, the IJ's conclusion that Parhar failed to submit direct proof of his identity is not supported. Parhar plausibly explained why he could not present his actual passport and, instead, submitted a photocopy of it. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Parhar also submitted a plethora of sworn affidavits and other documents to establish his identity and the IJ did not question their validity.

■ Further, the IJ's conclusion that "the personal testimony of Ravinder Singh is necessary evidence in the respondent's case" is not supported. Parhar claims he was persecuted because of his familial relationship with Ravinder Singh, who currently resides in the United States. Singh's testimony would have been duplicative, however, as Parhar's father had already established the familial relationship. *Sidhu*, 220 F.3d at 1091 (Where an "applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that would further support that particular claim.")

We remand for further proceedings to determine whether, accepting Parhar's testimony as credible, he is statutorily eligible for withholding of removal or relief pursuant to the Convention Against Torture. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**